**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **David E. Travis,** | ) | **CASE NO. 1:09 CV 2187** |
| | ) | |
| **Petitioner,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Keith Smith, Warden** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Respondent.** | ) | |

This matter is before the Court upon the Report and Recommendation of Magistrate Judge Baughman, Jr. (Doc. 13) which recommends denial of the Petition for Writ of Habeas Corpus pending before the Court. For the following reasons, the Report and Recommendation is ACCEPTED.

**Introduction**

Petitioner, David E. Travis, commenced this action with the filing of a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The Magistrate Judge issued his Report and Recommendation recommending that the Petition be denied. Petitioner filed Objections to the Report and Recommendation.

1

**Discussion**

Petitioner's Objections consist of one sentence: "Petitioner objects to both findings of the Magistrate Judge and believes that further examination of these grounds would be beneficial." (Doc. 14) This amounts to only a general objection, which in habeas cases is treated as no objection at all and which results in only clear error review.  *See Zimmerman v. Davis*, 2011 WL 1233357 (E.D.Mich. 2011) ("The Sixth Circuit has stated that "[o]verly general objections do not satisfy the objection requirement." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir.2006). Only specific objections are entitled to *de novo* review; vague and conclusory objections amount to a complete failure to object as they are not sufficient to pinpoint those portions of the R & R that are legitimately in contention. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir.1986)).") and *Doliboa v. Warden U.S. Penetentiary*, 2011 WL 900965 (S.D.Ohio 2011) (citations and internal quotations omitted) ("General objections are insufficient to preserve any issues for review; a general objection to the entirety of the magistrate's report has the same effects as would a failure to object.") Accordingly, the Court need only satisfy itself that there is no clear error on the face of the record in order to accept the Report and Recommendation.

Petitioner was sentenced to ten years imprisonment in 2006 after a jury found him guilty of one count of rape of a child under the age of thirteen.  He raised two grounds for relief in his Petition.  Ground One asserts that the trial court erred by permitting the introduction of prior acts evidence.  Ground Two asserts that he was denied the effective assistance of appellate counsel when counsel failed to raise material issues on appeal.  The Magistrate Judge concluded that neither ground warrants issuing of the writ.  Having found no clear error, this Court agrees.

The Magistrate Judge found Ground One to be noncognizable on federal habeas review

given that it involves an alleged error of state law in the admission of evidence and there is no showing that fundamental fairness was violated.  This case involves the rape of an eleven year old girl.  The trial court allowed evidence relating to petitioner's prior conviction of gross sexual imposition concerning a twelve year old friend of the victim.  The Magistrate Judge thoroughly analyzed the trial court's ruling allowing this evidence, and concluded that it properly identified and applied Ohio law regarding admissibility and no fundamental fairness resulted.  This Court finds no clear error in this determination.

As to Ground Two, the Magistrate Judge found that the state appellate decision was not an unreasonable application of *Strickland*.  Again, the Court finds no clear error in this determination that the prior state decision rejecting the ineffective assistance of appellate counsel claim is not contrary to clearly established federal law.

For these reasons, and those stated in the Report and Recommendation which is fully incorporated herein by reference, the claims for relief fail.

**Conclusion**

Accordingly, the Report and Recommendation is accepted. The Petition for Writ of Habeas Corpus is dismissed.  Furthermore, for the reasons stated herein and in the Report and Recommendation, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253(c); Fed.R.App.P. 22(b).

IT IS SO ORDERED.

                                     /s/ Patricia A. Gaughan
                                     PATRICIA A. GAUGHAN
                                     United States District Judge

Dated: 4/13/11